1   **WO**                                                                                  JDN

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                      **FOR THE DISTRICT OF ARIZONA**

8

9   Charles Cheatham,                          )    No. CV 05-3618-PHX-MHM (MEA)
                                                )
10              Plaintiff,                       )    **ORDER**
                                                )
11  vs.                                         )
                                                )
12  Phoenix Police Department, et al.,          )
                                                )
13              Defendants.                      )
                                                )
14  _____ )

15          Plaintiff Charles Cheatham brought this civil rights action under 42 U.S.C. § 1983

16  against Phoenix Police Officer Nathan Schug (Doc. #1).[1]  Defendant filed a Motion for

17  Summary Judgment (Doc. #41).  Plaintiff did not respond.  The Court will grant Defendant's

18  motion and dismiss the action.

19  **I.    Background**

20          Plaintiff's claim arose during his arrest in March 2004 (Doc. #1; Doc. #42, Def.'s

21  Statement of Facts (DSOF) ¶ 2).  Defendant and another officer responded to a call regarding

22  an assault, and, upon arriving at the scene, individuals identified Plaintiff as the suspect (Doc.

23  #42, Ex. A, Schug Aff. ¶ 7).  Defendant and the other officer observed Plaintiff run from the

24  scene; they chased Plaintiff,  apprehended him, and placed him in handcuffs (id. ¶¶ 8, 10, 12-

25  13).   After  interviews  with  various  individuals  involved  in  the  incident,  the  officers

26

27  _____

28          [1]Upon screening, the Court dismissed the City of Phoenix Police Department and
    Officer Anders as Defendants (Doc. #3).

confirmed that Plaintiff assaulted another individual, so they arrested Plaintiff and placed him in the back seat of their patrol car (id. ¶¶ 18, 20).

Plaintiff alleged that Defendant then "viciously slammed the door on the plaintiff's legs," which were still outside of the patrol car (Doc. #1 at 4).   Plaintiff claimed that Defendant's action caused serious leg injuries that ultimately necessitated surgery on his left leg (id.).   The Complaint alleged that Defendant used excessive force in violation of Plaintiff's constitutional rights (id.).

Defendant moves for summary judgment on the grounds that (1) he is entitled to qualified immunity and (2) he was not negligent (Doc. #41).   In support, Defendant submits his own affidavit; copies of police incident reports; excerpts from Plaintiff's deposition; and the affidavit of Dr. Ronald Lampert, who reviewed Plaintiff's medical records (Doc. #42, Exs. A-E).   The Court issued an Order informing Plaintiff of his obligation to respond to the summary judgment motion (Doc. #43).[2]

Plaintiff did not file a response memorandum.   The time to respond has expired and the motion is ready for ruling.

**II.    Legal Standard**

    **A.    Summary Judgment**

A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).   Under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, that it believes demonstrate the absence of a genuine issue of material fact.   Celotex, 477 U.S. at 323; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).   If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a

---

[2]Notice required under Rand v. Rowland, 154 F.3d 952, 962 (9th Cir. 1998).

1    genuine issue for trial.  Fed. R. Civ. P. 56(e); <u>Auvil v. CBS "60 Minutes"</u>, 67 F.3d 816, 819

2    (9th Cir. 1995); <u>see</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  Conclusory

3    allegations, unsupported by factual material, are insufficient to defeat a motion for summary

4    judgment.  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposing party

5    must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show

6    there is a genuine issue for trial.  <u>Anderson</u>, 477 U.S. at 249; <u>Devereaux</u>, 263 F.3d at 1076.

7        In assessing whether a party has met its burden, the court views the evidence in the

8    light most favorable to the non-moving party.  <u>Allen v. City of Los Angeles</u>, 66 F.3d 1052,

9    1056 (9th Cir. 1995).  All reasonable inferences are drawn in favor of the nonmovant.

10   <u>Gibson v. County of Washoe</u>, 290 F.3d 1175, 1180 (9th Cir. 2002).  If the moving party

11   presents evidence that, taken by itself, would establish the right to a directed verdict at trial,

12   the motion for summary judgment must be granted in the absence of any significant probative

13   evidence tending to support the opposing party's theory of the case.  <u>First Nat'l Bank v.</u>

14   <u>Cities Serv. Co.</u>, 391 U.S. 253, 290 (1968); <u>THI-Hawaii, Inc. v. First Commerce Fin. Corp.</u>,

15   627 F.2d 991, 993-94 (9th Cir. 1980).

16       **B.    Excessive Force**

17       A claim that law enforcement officers have used excessive force in the course of an

18   arrest should be analyzed under the Fourth Amendment and its "reasonableness" standard.

19   <u>Graham v. Connor</u>, 490 U.S. 386, 395 (1989).  The reasonableness of the use of force "must

20   be judged from the perspective of a reasonable officer at the scene, rather than with the 20/20

21   vision of hindsight." <u>Id.</u> at 396.  When determining whether the totality of the circumstances

22   justifies the degree of force, the court must consider "the facts and circumstances of each

23   particular case, including the severity of the crime at issue, whether the suspect poses an

24   immediate threat to the safety of the officers or others, and whether he is actively resisting

25   arrest or attempting to evade arrest by flight." <u>Id.</u>  The inquiry is "whether the officers'

26   actions are 'objectively reasonable' in light of the facts and circumstances confronting them,

27   without regard to their underlying intent or motivation." <u>Id.</u> at 397 (citations omitted).

28

1    **III.    Analysis**

2         **A.    Qualified Immunity**

3         Defendant's first argument for summary judgment is that he is entitled to qualified

4    immunity.  A defendant in a § 1983 action is entitled to qualified immunity from damages

5    for civil liability if his conduct does not violate clearly established statutory or constitutional

6    rights of which a reasonable person would have known.  Harlow v. Fitzgerald, 457 U.S. 800,

7    818 (1982).    The existence of qualified immunity generally turns on the objective

8    reasonableness of the actions, without regard to the knowledge or subjective intent of the

9    particular officer.  Id. at 819.  Whether a reasonable officer could have believed his conduct

10   was proper is a question of law for the court and should be determined at the earliest possible

11   point in the litigation.  Act Up!/Portland v. Bagley, 988 F.2d 868, 872-73 (9th Cir. 1993).

12        In analyzing a qualified immunity defense, the Court must determine: (1) whether a

13   constitutional right would have been violated on the facts alleged and (2) whether the right

14   was clearly established when viewed in the specific context of the case.  Saucier v. Katz, 533

15   U.S. 194, 201 (2001).

16        The first inquiry is whether—viewed in the light most favorable to the non-moving

17   party—the facts show that the officer's conduct violated a constitutional right.  See Brosseau

18   v. Haugen, 543 U.S. 194, 197 (2004).  Defendant contends that even if the events occurred

19   as Plaintiff alleges, Defendant's actions when he placed Plaintiff in the patrol car do not

20   amount to a constitutional violation (Doc. #41 at 7).

21        In evaluating the nature and quality of the intrusion on Plaintiff's Fourth Amendment

22   interests, the Court must consider "the type and amount of force inflicted" on him.  Chew v.

23   Gates, 27 F.3d 1432, 1440 (9th Cir. 1994).  Here, the force inflicted was a car door slammed

24   into Plaintiff's legs.  Although such force is not life-threatening or deadly, this intrusion is

25   not insignificant. The Court must next balance the intrusion against the governmental

26   interests at stake.  As stated, the factors considered in this evaluation include the severity of

27   the crime, whether the suspect poses an immediate threat, and whether he is actively resisting

28   arrest or attempting to evade arrest.  Graham, 490 U.S. at 396.

1    Here, the crime at issue was assault.  According to Defendant's evidence, a search of

2    Plaintiff's vehicle at the time of the arrest yielded the butt stock of a firearm, body armor,

3    marijuana, and a rifle loaded with a banana clip (Doc. #42, Ex. A, Schug Aff. ¶¶ 16-17).  But

4    during the search of his vehicle, Plaintiff was already apprehended, in handcuffs, and sitting

5    on the curb (id. ¶ 13).  Defendant attests that he then placed Plaintiff in the back seat of the

6    patrol car and warned Plaintiff that he was going to close the door (id. ¶¶ 20, 22).  There is

7    no evidence that after he was hand-cuffed, Plaintiff posed an immediate threat to the safety

8    of officers or other individuals in the area.  Nor is there any evidence suggesting that Plaintiff

9    resisted arrest or resisted placement into the back of the patrol car.

10    In his affidavit Defendant does not indicate whether, when he closed the door of the

11    patrol car, the door hit Plaintiff's legs.  Defendant states only that Plaintiff did not complain

12    of any pain or injury after he was placed in the patrol car (id. ¶ 24).  He further attests that

13    he did not hear Plaintiff make any complaint of pain to anyone else and that Plaintiff did not

14    complain of any pain or injury during transport to the precinct (id. ¶¶ 25, 29).  Plaintiff's

15    deposition testimony, however, disputes Defendant's claims that he made no complaints

16    about pain.  Plaintiff stated that after Defendant slammed the door on his knees, "I screamed

17    like crazy.  I went to cussing, Goddamned it, Goddamned it, you hurt my knees" (Doc. #42,

18    Ex. D, Pl. Dep. 48:19-23, Jan. 25, 2007).

19    But this dispute over whether Plaintiff suffered injury or pain is not material.

20    Summary judgment may be entered when an essential element of a legal theory is shown to

21    lack evidentiary support, irrespective of factual disputes over other aspects of the claim.  See

22    Celotex, 477 U.S. at 323.  In fact, Plaintiff's own evidence shows nothing more than

23    negligent or accidental conduct, which is insufficient for a constitutional violation.

24    In his Complaint, Plaintiff alleged that Defendant did not pay attention to the fact that

25    Plaintiff's legs were still outside the patrol car when he slammed the door (Doc. #1 at 4).

26    And in his deposition, Plaintiff stated:

27         To me he wasn't paying attention.  He wasn't paying attention of me getting
          in the car at all.  He figured I was in the car, but I wasn't all [the] way in the
28         car.  I was getting ready to scoot back.  Before I could scoot back he slammed
          it (Doc. #42, Ex. D, Pl. Dep. 48:15-19).

- 5 -

1    "[T]he Fourth Amendment addresses 'misuse of power', . . . not the accidental effects of

2    otherwise lawful government conduct." <u>Brower v. County of Inyo</u>, 489 U.S. 593, 596 (1989)

3    (quoting <u>Byars v. United States</u>, 273 U.S. 28, 33 (1927)).  Torts that happen to be committed

4    by public officials are not actionable as constitutional claims.  See <u>Brower</u>, 489 U.S. at

5    596-97.  Thus, negligent or accidental conduct by police officers does not rise to the level of

6    a constitutional violation.

7         The record reflects that throughout the apprehension and arrest of Plaintiff, Defendant

8    acted lawfully and with reasonable force (Doc. #42, Ex. A, Schug Aff. ¶¶ 11-31).  Plaintiff's

9    own allegations confirm that Defendant simply failed to realize Plaintiff's legs were not in

10   the patrol car when the door was shut; therefore, Defendant's actions were not objectively

11   unreasonably in the circumstances.  Consequently, there is no constitutional violation, and

12   the Court need not proceed any further in the qualified immunity analysis.  Summary

13   judgment will be granted for Defendant on the excessive force claim.

14         **B.    State Law Claim**

15        Defendant argues that because Plaintiff's only remaining claim is one of negligence

16   under state law, it should be dismissed (Doc. #41 at 8).  Defendant further argues than even

17   under a negligence claim analysis, Plaintiff cannot establish that Defendant breached a duty

18   that was owed to Plaintiff or that such a breach proximately caused Plaintiff's damages (<u>id.</u>

19   at 8-11).

20        A court may decline to retain supplemental jurisdiction over state-law claims once it

21   has "dismissed all claims over which it has original jurisdiction." <u>Ove v. Gwinn</u>, 264 F.3d

22   817, 826 (9th Cir. 2001) (citing 28 U.S.C. § 1367(c)(3)); <u>see also</u> <u>Acri v. Varian Assocs.,</u>

23   <u>Inc.</u>, 114 F.3d 999, 1000 (9th Cir. 1997) (although discretionary, claims under state law

24   should be dismissed when associated federal claims are dismissed before trial).  The Court

25   will decline to exercise supplemental jurisdiction over the negligence claim, and it will be

26   dismissed.  This dismissal is without prejudice.  See <u>Gini v. Las Vegas Metro. Police Dep't</u>,

27   40 F.3d 1041, 1046 (9th Cir. 1994) (dismissal of pendent state claims following dismissal of

28   related federal claims must be without prejudice).

**IT IS ORDERED:**

(1) Defendant's Motion for Summary Judgment (Doc. #41) is **granted**.  Plaintiff's excessive force claim is dismissed with prejudice.

(2) The remaining negligence claim under state law is **dismissed** without prejudice.

(3) The Clerk of Court must terminate this action and enter judgment accordingly.

DATED this 13th day of December, 2007.

Mary H. Murguia
United States District Judge